ROBERT W. UNIKEL (*pro hac vice*)
robertunikel@paulhastings.com
JOHN A. COTIGUALA (*pro hac vice*)
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive
45th Floor
Chicago, Illinois  60606
Telephone:  1(312) 499-6000
Facsimile:  1(312) 499-6100

CHRISTOPHER W. KENNERLY (SB# 255932)
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

ROBERT R. LAURENZI (*pro hac vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York  10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE

Attorneys for Defendant
Google LLC

ROBERT KRAMER(SB# 181706)
rkramer@feinday.com
SAL LIM (SB# 211836)
slim@feinday.com
JEREMIAH A ARMSTRONG (SB# 253705)
jarmstrong@feinday.com
FEINBERG DAY KRAMER ALBERTI LIM
TONKOVICH & BELLOLI LLP
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

ANDREW G. DINOVO (*pro hac vice*)
adinovo@dinovoprice.com
NICOLE E. GLAUSER (*pro hac vice*)
nglauser@dinovoprice.com
DINOVO PRICE LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Attorneys for Plaintiff
KlausTech LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| KLAUSTECH LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>                Defendant. | CASE NO. 4:20-CV-04459-JSW<br><br>**AGREED PROTECTIVE ORDER** |

1   1.        PURPOSES AND LIMITATIONS

2            Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5   Accordingly, the Parties hereby stipulate to and petition the Court to enter the following

6   Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket

7   protections on all disclosures or responses to discovery and that the protection it affords from

8   public disclosure and use extends only to the limited information or items that are entitled to

9   confidential treatment under the applicable legal principles.  The Parties further acknowledge, as

10  set forth in Section 14.5, below, that this Stipulated Protective Order does not entitle them to file

11  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

12  followed and the standards that will be applied when a Party seeks permission from the Court to

13  file material under seal.

14  2.        DEFINITIONS

15           2.1       Challenging Party: a Party or Non-Party that challenges the designation of

16  information or items under this Order.

17           2.2       "CONFIDENTIAL" Information or Items: information (regardless of how it is

18  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

19  of Civil Procedure 26(c).

20           2.3       Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

21  well as their support staff).

22           2.4       Designated House Counsel: House Counsel who seek access to "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

24           2.5       Designating Party: a Party or Non-Party that designates information or items that it

25  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

27  CODE".

28           2.6       Disclosure or Discovery Material: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or a Party's predecessor-in-interest, or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a Party.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13    Party: any party to this action.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or a Party's predecessor-in-interest, or a current employee of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court

1  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

2  claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment

3  herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews

4  of this action, including the time limits for filing any motions or applications for extension of time

5  pursuant to applicable law.

6  5.      DESIGNATING PROTECTED MATERIAL

7          5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party

8  or Non-Party that designates information or items for protection under this Order must take care

9  to limit any such designation to specific material that qualifies under the appropriate standards.

10  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to

11  be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

12  encumber or retard the case development process or to impose unnecessary expenses and burdens

13  on other Parties) expose the Designating Party to sanctions.

14          If it comes to a Designating Party's attention that information or items that it designated

15  for protection do not qualify for protection at all or do not qualify for the level of protection

16  initially asserted, that Designating Party must promptly notify all other Parties that it is

17  withdrawing the mistaken designation.

18          5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order

19  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

20  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

21  designated before the material is disclosed or produced.

22          Designation in conformity with this Order requires:

23          (a)      for information in documentary form (e.g., paper or electronic documents,

24  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

25  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

27  protected material.

28          A Party or Non-Party that makes original documents or materials available for inspection

1   need not designate them for protection until after the inspecting Party has indicated which

2   material it would like copied and produced.  During the inspection and before the designation, all

3   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

4   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

5   copied and produced, the Producing Party must determine which documents qualify for protection

6   under this Order.  Then, before producing the specified documents, the Producing Party must

7   affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each

9   page that contains Protected Material.

10          (b)     for testimony given in deposition or in other pretrial or trial proceedings,

11   that the Designating Party, when practical, identify on the record, before the close of the

12   deposition, hearing, or other proceeding, all protected testimony and specify the level of

13   protection being asserted.  When it is impractical to identify separately each portion of testimony

14   that is entitled to protection and it appears that substantial portions of the testimony may qualify

15   for protection, the Designating Party may invoke on the record (before the deposition, hearing, or

16   other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the

17   testimony as to which protection is sought and to specify the level of protection being asserted.

18   Only those portions of the testimony that are appropriately designated for protection within

19   the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively,

20   a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

21   properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

23   CODE."

24          Parties shall give the other Parties reasonable notice (a minimum of two business days) if

25   they reasonably expect a deposition, hearing or other proceeding to include Protected Material so

26   that the other Parties can ensure that only authorized individuals who have signed the

27   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

28   The use of a document as an exhibit at a deposition shall not in any way affect its designation as

1   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

2   "HIGHLY CONFIDENTIAL – SOURCE CODE."

3          Transcripts containing Protected Material shall have an obvious legend on the title page

4   that the transcript contains Protected Material, and the title page shall be followed by a list of all

5   pages (including line numbers as appropriate) that have been designated as Protected Material and

6   the level of protection being asserted by the Designating Party.  The Designating Party shall

7   inform the court reporter of these requirements.  Any transcript that is prepared before the

8   expiration of a 21-day period for designation shall be treated during that period as if it had been

9   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

10  otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

11  actually designated.

12          (c)    for information produced in some form other than documentary and for any

13  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

14  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

15  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

16  CONFIDENTIAL – SOURCE CODE".

17          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

18  designate qualified information or items does not, standing alone, waive the Designating Party's

19  right to secure protection under this Order for such material.  Upon timely correction of a

20  designation, the Receiving Party must make reasonable efforts to assure that the material is

21  treated in accordance with the provisions of this Order.

22  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

23          6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at

24  any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is

25  necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

26  significant disruption or delay of the litigation, a Party does not waive its right to challenge a

27  confidentiality designation by electing not to mount a challenge promptly after the original

28  designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

1    The burden of persuasion in any such challenge proceeding shall be on the Designating

2    Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

3    unnecessary expenses and burdens on other Parties) may expose the Challenging Party to

4    sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a

5    motion to retain confidentiality as described above, all Parties shall continue to afford the material in

6    question the level of protection to which it is entitled under the Designating Party's designation

7    until the Court rules on the challenge.

8    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9        7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed

10   or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation, and such Protected Material shall not be used for

12   any business purpose, in connection with any other legal proceeding, or directly or indirectly for

13   any other purpose whatsoever.  Such Protected Material may be disclosed only to the categories

14   of persons and under the conditions described in this Order.[1]  When the litigation has been

15   terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

16   DISPOSITION).

17       Protected Material must be stored and maintained by a Receiving Party at a location and

18   in a secure manner that ensures that access is limited to the persons authorized under this Order.

19   Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for

20   transmission to qualified recipients, without the written permission of the Producing Party or by

21   further order of the Court.

22       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

23   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A.  In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Up to two House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Up to one officer or director of the Receiving Party to whom disclosure is reasonably necessary for this litigation, wherein (1) said one officer or director is in lieu of one of the two House Counsel of the Receiving Party in subparagraph 7.2(b), (2) said officer or director has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), (3) a signed copy of said "Acknowledgment and Agreement to be Bound" has been received by the Designating Party, (4) at least 7 days have passed since said signed copy of said "Acknowledgment and Agreement to be Bound" has been received by the Designating Party in order to give Designating Party an opportunity to object, and (5) the Designating Party has not so objected;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary (including jury or trial consultants) for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court.  Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object.  Pages of transcribed deposition testimony or

1   exhibits to depositions that reveal Protected Material must be separately bound by the court

2   reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

3   Order.

4          (h)     the author or recipient of a document containing the information or a

5   custodian or other person who otherwise possessed or knew the information.

6          7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7   Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

8   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

10         (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

11  employees or independent contractors of said Outside Counsel of Record to whom it is

12  reasonably necessary to disclose the information for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

14         (b)     Experts of the Receiving Party (1) to whom disclosure is reasonably

15  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

16  Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below,

17  have been followed;

18         (c)     the Court and its personnel;

19         (d)     stenographic reporters, videographers, jury or trial consultants, and their

20  respective staff, and Professional Vendors to whom disclosure is reasonably necessary for this

21  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22  and

23         (e)     the author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information.

25         7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

26  Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

27  Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

28  SOURCE CODE" only to:

1     (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

2 employees or independent contractors of said Outside Counsel of Record to whom it is

3 reasonably necessary to disclose the information for this litigation and who have signed the

4 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

5     (b)  up to five Experts of the Receiving Party (1) to whom disclosure is

6 reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

7 Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

8 paragraph 7.5(a)(2), below and specifically identified as eligible to access "HIGHLY

9 CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

10     (c)  the Court and its personnel;

11     (d)  stenographic reporters, videographers, and their respective staff who have

12 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or

13 videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

14 or Items are being discussed, provided that such reporters and videographers shall not retain or be

15 given copies of any portions of the source code, which if used during a deposition, will not be

16 attached as an exhibit to the transcript but instead shall be identified only by its production

17 numbers.

18     (e)  while testifying at deposition or trial in this action only: (i) any current

19 officer, director or employee of the Producing Party or original source of the information; (ii) any

20 person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the

21 Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received

22 (other than in connection with this litigation), or was directly involved in creating, modifying, or

23 editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident

24 from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to

25 view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this

26 sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE

27 CODE" Information or Items except while so testifying.  Only printed copies of the Source Code

28 will be provided to testifying witnesses during their testimony.

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)     Purposefully left blank.

(b)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party[2] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    five years.[4]

2            (c)    A Party that makes a request and provides the information specified in the

3    preceding respective paragraphs may disclose the subject Protected Material to the identified

4    Expert unless, within fourteen (14) days of delivering the request, the Party receives a written

5    objection from the Designating Party.  Any such objection must set forth in detail the grounds on

6    which it is based.

7            (d)    A Party that receives a timely written objection must meet and confer with

8    the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

9    agreement within seven (7) days of the written objection.  If no agreement is reached, the Party

10   seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

11   (and in compliance with Civil Local Rule 79-5, if applicable) seeking such permission from the

12   Court.  Any such motion must describe the circumstances with specificity, set forth in detail the

13   reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

14   disclosure would entail, and suggest any additional means that could be used to reduce that risk.

15   In addition, any such motion must be accompanied by a competent declaration describing the

16   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

17   confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

18   to approve the disclosure.

19           (e)    In any such proceeding, the Party opposing disclosure to the Expert shall

20   bear the burden of proving that the risk of harm that the disclosure would entail (under the

21   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

22   its Expert.

23           (f)    A party who has not previously objected to disclosure of Protected Material

24   to an Expert or whose objection has been resolved with respect to previously produced Protected

25

26   [4] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain
     limited work prior to the termination of the litigation that could foreseeably result in an improper
27   use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
     information. This statement is not an admission that any particular restriction is appropriate, and
28   the parties expressly reserve all rights to oppose any such restriction.

1   Material shall not be precluded from raising an objection to an Expert at a later time with respect

2   to Protected Material that is produced after the time for objecting to such Expert has expired or if

3   new information about that Expert is disclosed or discovered.  Any such objection shall be

4   handled in accordance with the provisions set forth above.

5   8.       PROSECUTION AND ACQUISITION BAR

6           (a)      Absent written consent from Google LLC, any individual who receives

7   access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

8   "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Google LLC, shall

9   not be involved in the prosecution of patents or patent applications relating to the technology at

10  issue in this action (defined for purposes of this Protective Order as, internet advertising systems

11  and advertising networks including, without limitation, features of ad display, ad selection, and

12  the collection and usage of ad metrics),[5] including without limitation the patents asserted in this

13  action and any patent or application claiming priority to or otherwise related to the patents

14  asserted in this action, before any foreign or domestic agency, including the United States Patent

15  and Trademark Office ("the Patent Office").  The foregoing limitation is applicable only to

16  individuals, and not a Firm or its personnel who do not actually receive access. For purposes of

17  this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution

18  (for any person or entity) of patent applications, including among others reexamination and

19  reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or

20  otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt,

21  "prosecution" as used in this paragraph does not include (1) representing a party challenging a

22  patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex*

23  *parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review or covered

24  business method review); or (2) representing a party defending a patent before a domestic or

25  foreign agency in an *ex parte* or *inter partes* review, post grant review, or covered business

26

27  [5] If either party contends that the definition of "the technology at issue" in this paragraph warrants
    modification, then the parties will meet and confer to discuss in good faith any proposed changes
28  to the definition.

method review proceeding).  This Prosecution Bar shall begin when access to

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected

individual and shall end <u>two (2) years</u> after final termination of this action.

      (b)     Absent written consent from Google LLC, any individual who receives

access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL - SOURCE CODE" information designated by Google LLC shall

not be involved in activity related to: (i) the acquisition of patents or patent applications (for any

person or entity) relating to the technology at issue (defined for purposes of this Protective Order

as internet advertising systems and advertising networks including, without limitation, features of

ad display, ad selection, and the collection and usage of ad metrics); or (ii) advising or counseling

clients regarding the same.  The foregoing limitation is applicable only to individuals, and not a

Firm or its personnel who do not actually receive access to such information. This Acquisition

Bar shall begin when access to  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" information

is first received by the affected individual and shall end two (2) years after final disposition of this

action as provided herein.

9.    <u>SOURCE CODE</u>

      (a)     To the extent production of source code becomes necessary in this case, a

Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it

comprises, includes, or substantially discloses confidential, proprietary, or trade secret source

code or algorithms.  This material may include, among things, technical design documentation

that comprises, includes, or substantially discloses source code or algorithms.

      (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8

and the Acquisition Bar set forth in Paragraph 8, and may be disclosed only as set forth in

Paragraph 7.4.

(c)     If the parties agree the COVID-19 pandemic permits standard source code review to proceed, such access shall be provided as follows:

1.     Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary outside counsel of record or (2) another mutually agreed upon location.  Any location under (1) or (2) shall be within the United States.

2.     If the parties agree the COVID-19 pandemic permits standard source code review to proceed, then the source code shall be made available for inspection on at least two (2) secured computers (the "Source Code Computers") (each equipped with a display measuring at least 15-inches diagonal and also equipped with the Microsoft Windows operating system or Ubuntu Linux) in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The secured computer shall have disk encryption and be password protected.

3.     The Receiving Party may request that commercially available software tools for viewing, searching, and analyzing source code be installed on the Source Code Computers, provided, however, that (a) said tools do not have the capability to compile, run, or debug any of the Producing Party's source code; (b) the Receiving Party possesses an appropriate license, if necessary, to such software tools; (c) the Producing Party approves such software tools (which approval shall not be unreasonably withheld); and (d) the Receiving Party must provide the Producing Party with the CD or DVD containing such licensed (if necessary) software tool(s) or a link from which the software tool(s) may be downloaded at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computers.

4.     At least ten (10) days in advance of the Producing Party making source code available for inspection, the Producing Party shall identify the general nature of the

Source Code intended for production, including an identification of the programming languages present in the production (e.g., Java, Python, etc.) and a means of differentiating the code to be produced from earlier or later iterations, such as by providing dates and/or public release information, if available, so that the Receiving Party may engage a consultant with appropriate expertise.

5.      Should the Designating Party install source code on the Source Code Computers on more than one occasion, each set of source code files shall be located within a separate file folder, which is titled with at least the date the source code was installed on the Source Code Computers, such that the Receiving Party is able to identify the files produced on a particular occasion based on their location within the date-titled folder(s).

6.      If reasonably available, a listing of the filenames and/or directory structure of any source code files produced in discovery shall be produced with the produced source code on the Source Code Computers and shall be treated the same as the source code.

7.      Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computers containing the source code.

8.      All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.

9.      The computer containing source code will be made available for inspection during regular business hours (which for purposes of this Protective Order shall be 8:00 a.m. thorough 6:00 p.m.), upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection.  However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computes outside of normal business hours and upon lesser notice.  This requirement does not mandate that a Producing Party make a Source Code Computers available outside of regular business hours or

1    upon lesser notice, and making a Source Code Computers available outside of regular business

2    hours or upon lesser notice on one or more occasions does not waive the Producing Party's rights

3    to demand reviews occur during normal business hours and upon the requisite notice.

4              (d)     The Producing Party may visually monitor the activities of the Receiving

5    Party's representatives during any source code review, but only to ensure that there is no

6    unauthorized recording, copying, or transmission of the source code.

7              (e)     No person shall copy, e-mail, transmit, upload, download, print,

8    photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL -

9    SOURCE CODE" material, except that the Receiving Party may request paper copies of limited

10   portions of source code, but only if and to the extent reasonably necessary for the preparation of

11   court filings, pleadings, expert reports, or other papers, or for deposition or trial.  In no event may

12   the Receiving Party print more than 25 consecutive pages, absent agreement by the parties which

13   shall not be unreasonably withheld, or an aggregate total of more than 500 pages, of source code

14   during the duration of the case without prior written approval by the Producing Party.  In the

15   event that Receiving Party needs more than 500 pages of source code, the parties will meet and

16   confer in good faith to discuss increasing the aggregate total page limit.  The Receiving Party

17   shall not request paper copies for the purposes of reviewing the source code other than

18   electronically as set forth in paragraph (c) in the first instance.  Within five (5) business days or

19   such additional, reasonable time that in good faith is necessary due to volume requested, the

20   Producing Party will provide the requested material on watermarked or colored paper bearing

21   Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE", unless objected

22   to as discussed below.  At the inspecting Party's request, up to two additional sets (or subsets) of

23   printed source code may be requested and provided by the Producing Party in a timely fashion.

24   Even if within the limits described, the Producing Party may challenge the amount of source code

25   requested in hard copy form or whether the source code requested in hard copy form is

26   reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure

27   and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party"

28   and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  Contested

1  printouts do not need to be produced to the Receiving Party until the matter is resolved by the

2  Court.

3          (f)       The Receiving Party shall maintain a record of any individual who has

4  inspected any portion of the source code in electronic or paper form.  The Receiving Party shall

5  maintain all printed portions of the source code in a secured, locked area under the direct control

6  of counsel responsible for maintaining the security and confidentiality of the designated materials.

7  Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or

8  viewed only at (i) the offices (not including home offices) of outside counsel for the Receiving

9  Party, (ii) the offices (not including home offices)[6] of outside experts or consultants who have

10 been approved to access source code; (iii) the site where any deposition is taken (iv) the Court; or

11 (v) any intermediate location necessary to transport the information to a hearing, trial or

12 deposition.  Except as provided in subsection (i) of this section, the Receiving Party shall not

13 create any electronic or other images of the paper copies and shall not convert any of the

14 information contained in the paper copies into any electronic format.  Any printed pages of source

15 code, and any other documents or things reflecting source code that have been designated by the

16 producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally

17 imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to

18 depositions, expert reports, or court filings as discussed below.  Any paper copies used during a

19 _____

20 [6] However, if an outside expert or consultant who has been approved to access source code does
   not have a business office, and does not reside within 30 miles of an office of outside counsel for
21 the Receiving Party, then the outside expert or consultant may store or view paper copies designated
   "HIGHLY CONFIDENTIAL - SOURCE CODE" at their home office provided that: (1) the
22 Receiving Party provides prior written notice to outside counsel for the Producing Party that the
   outside expert or consultant will be storing and viewing paper copies designated "HIGHLY
23 CONFIDENTIAL - SOURCE CODE" at their home office in order to give Producing Party a
   reasonable opportunity to object, (2) the Producing Party does not so object within 5 days of
24 receiving the notice, (3) the paper copies designated "HIGHLY CONFIDENTIAL - SOURCE
   CODE" are stored in a secured, locked area under the direct control of the outside expert or
25 consultant, (4) upon request by the Producing Party, the Receiving Party shall provide reasonable
   assurances and/or descriptions of the security measures employed by the outside expert or
26 consultant, and (5) the outside expert or consultant shall cease to store and/or view paper copies
   designated "HIGHLY CONFIDENTIAL - SOURCE CODE" at their home office when it is no
27 longer necessary to do so (e.g., if the outside expert or consultant establishes a business office).

28

1  deposition shall be retrieved by the Receiving Party at the end of each day and must not be given

2  to or left with a court reporter or any other unauthorized individual.[7]

3          (g)     The Receiving Party's outside counsel and/or expert shall be entitled to

4  take notes relating to the source code but may not copy any portion of the source code into the

5  notes.  No copies of all or any portion of the source code may leave the room in which the source

6  code is inspected except as otherwise provided herein.  Further, no other written or electronic

7  record of the source code is permitted except as otherwise provided herein.

8          (h)     A list of names of persons who will view the source code on the Source

9  Code Computers will be provided to the producing party in conjunction with any written

10  (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of

11  the names of persons who enter the locked room to view the source code and when they enter and

12  depart.  Upon request, the Producing Party shall be entitled to a copy of the log.

13          (i)     The Receiving Party's outside counsel shall maintain a log of all copies of

14  the source code (received from a Producing Party) that are delivered by the Receiving Party to

15  any person.  The log shall include the names of the recipients and reviewers of copies and

16  locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party

17  shall provide reasonable assurances and/or descriptions of the security measures employed by the

18  Receiving Party and/or person that receives a copy of any portion of the source code.

19          (j)     Except as provided in this paragraph, the Receiving Party may not create

20  electronic images, or any other images, of the source code from the paper copy for use on a

21  computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving

22  Party may create an electronic copy or image of limited excerpts of source code only to the extent

23  necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other

24  Court document, or any drafts of these documents[8] ("SOURCE CODE DOCUMENTS").  The

25  _____

26  [7] The nature of the source code at issue in a particular case may warrant additional protections or
restrictions, For example, it may be appropriate under certain circumstances to require the

27  Receiving Party to provide notice to the Producing Party before including "HIGHLY
CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

28  [8] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

1   Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for

2   which such part of the Source Code is used.  Images or copies of Source Code shall not be

3   included in correspondence between the parties (references to production numbers shall be used

4   instead) and shall be omitted from pleadings and other papers except to the extent permitted

5   herein.  The Receiving Party may create an electronic image of a selected portion of the Source

6   Code only when the electronic file containing such image has been encrypted using commercially

7   reasonable encryption software including password protection.  The communication and/or

8   disclosure of electronic files containing any portion of source code shall at all times be limited to

9   individuals who are authorized to see source code under the provisions of this Protective Order.

10  Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE

11  CODE."

12          (k)     To the extent portions of source code are quoted in a SOURCE CODE

13  DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY

14  CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be

15  separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

16          1.      The Receiving Party shall maintain a log of all electronic images

17  and paper copies of Source Code Material in its possession or in the possession of its retained

18  consultants, including the names of the recipients and reviewers of any electronic or paper copies

19  and the locations where the copies are stored.

20          (l)     If the parties agree or the Court finds that temporary procedures for

21  alternative non-standard review of source code in light of the COVID-19 pandemic is required,

22  then the parties shall meet and confer to discuss in good faith the adoption of procedures for

23  accomplishing such alternative non-standard review of source code.

24  10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

25          LITIGATION

26          If a Party is served with a subpoena issued by a court, arbitral, administrative, or

27  legislative body, or with a court order issued in other litigation that compels disclosure of any

28  information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[9]

If the Designating Party timely[10] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such

---

[9] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[10] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

1   information produced by Non-Parties in connection with this litigation is protected by the

2   remedies and relief provided by this Order.  Nothing in these provisions should be construed as

3   prohibiting a Non-Party from seeking additional protections.

4           (b)     In the event that a Party is required, by a valid discovery request, to

5   produce a Non-Party's confidential information in its possession, and the Party is subject to an

6   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

7   Party shall:

8               1.      promptly notify in writing the Requesting Party and the Non-Party

9   that some or all of the information requested is subject to a confidentiality agreement with a Non-

10  Party;

11              2.      promptly provide the Non-Party with a copy of the Stipulated

12  Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

13  description of the information requested; and

14              3.      make the information requested available for inspection by the

15  Non-Party.

16          (c)     If the Non-Party fails to object or seek a protective order from this Court

17  within 14 days of receiving the notice and accompanying information, the Receiving Party may

18  produce the Non-Party's confidential information responsive to the discovery request.  If the

19  Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any

20  information in its possession or control that is subject to the confidentiality agreement with the

21  Non-Party before a determination by the Court.[11]  Absent a Court order to the contrary, the Non-

22  Party shall bear the burden and expense of seeking protection in this court of its Protected

23  Material.

24  12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26

27  [11] The purpose of this provision is to alert the interested parties to the existence of confidentiality
    rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
28  interests in this court.

1    Material to any person or in any circumstance not authorized under this Stipulated Protective

2    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

3    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

4    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

5    made of all the terms of this Order, and (d) request such person or persons to execute the

6    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

7          If a Receiving Party or person authorized to access Protected Material ("Authorized

8    Recipient") discovers any loss of Protected Material or a breach of security, including any actual

9    or suspected unauthorized access, relating to another party's Protected Material, the Receiving

10   Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach;  (2) promptly

11   (within 72 hours)  provide written notice to Designating Party of such breach, including

12   information regarding the size and scope of the breach; and (3) investigate and make reasonable

13   efforts to remediate the effects of the breach.  In any event, the Receiving Party or Authorized

14   Recipient shall promptly take all necessary and appropriate corrective action to terminate any

15   unauthorized access.

16   13.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

17         a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-

18   protected document is not a waiver of privilege or protection from discovery in this case or in any

19   other federal or state proceeding.  Disclosures among defendants' attorneys, or among parties

20   (and their counsel) with a common legal interest, of work product or other communications

21   relating to issues of common interest shall not affect or be deemed a waiver of any applicable

22   privilege or protection from disclosure.  For example, the mere production of privileged or work-

23   product-protected documents in this case as part of a mass production is not itself a waiver in this

24   case or in any other federal or state proceeding.  A producing party may assert privilege or

25   protection over produced documents at any time by notifying the receiving party in writing of the

26   assertion of privilege or protection.  Information that contains privileged matter or attorney work

27   product shall be returned or destroyed immediately if such information appears on its face or if

28   requested.

b)      Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log.  Communications may be identified on a privilege log by category, rather than individually, if appropriate.

c)      Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B), absent agreement by the parties or order by the Court.

d)      Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

14.     <u>MISCELLANEOUS</u>

14.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached.  Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     <u>No Agreement Concerning Discoverability</u>.  The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action.  The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

14.4     <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable

laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Information shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734.2(b). No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.5     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.6     At any point, a Party may seek to designate and protect previously produced

Protected Material as Highly Sensitive Documents/Information (HSD/HSI).  The Parties will

follow any applicable court orders regarding the procedures for HSD/HSI, and in the absence of

any specific procedures for challenging the HSD/HSI designations established by court orders,

the same objection procedures set forth in section 6 shall apply to challenging HSD/HSI

designations.

14.7    Use of Protected Material at Hearing.  A Party shall make a good faith effort to

provide one day's notice to the Producing Party in the event that a Party intends to use any

Protected Information at a hearing.  Subject to any challenges under Section 6, the Parties will not

oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by

the Court, during the presentation of any testimony, evidence, or argument relating to or

involving the use of any Protected Material.

14.8    No Limitation on Legal Representation.  Nothing in this Order shall preclude or

impede Outside Counsel of Record's ability to communicate with or advise their client in

connection with this litigation based on such counsel's review and evaluation of Protected

Material, provided however that such communications or advice shall not disclose or reveal the

substance or content of any Protected Material other than as permitted under this Order.

14.9    Violations.  If any Party violates the limitations on the use of Protected Material as

described above, the Party violating this Order shall be subject to sanctions, or any other remedies

as appropriate, as ordered by the Court.  In the event motion practice is required to enforce the

terms of this Order, the prevailing party may seek costs and fees as appropriate under the

applicable federal and local rules.

14.10    Agreement Upon Execution.  Each of the Parties agrees to be bound by the terms

of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated

Protective Order, even if prior to entry of this Order by the Court.

14.11    Data Security.

Any person in possession of Protected Material will maintain appropriate administrative,

technical, and organizational safeguards ("Safeguards") that protect the security and privacy of

Protected Material.  The Safeguards will meet or exceed relevant industry standards and limit the

collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order.  As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.   INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

1    The United States District Court for the Northern District of California is responsible for

2  the interpretation and enforcement of this Order.  After final disposition of this litigation, the

3  provisions of this Order shall continue to be binding except with respect to that Disclosure or

4  Discovery Material that become a matter of public record.  This Court retains and shall have

5  continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement

6  of the provision of this Order following final disposition of this litigation.  All disputes

7  concerning Protected Material produced under the protection of this Order shall be resolved by

8  the United States District Court for the Northern District of California.

9  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1    DATED:  June 24, 2021                    PAUL HASTINGS LLP

2
                                              By: */s/ Robert W. Unikel*_____
3                                                ROBERT W. UNIKEL (*pro hac vice*)[12]
                                                 robertunikel@paulhastings.com
4                                                JOHN A. COTIGUALA (*pro hac vice*)
                                                 johncotiguala@paulhastings.com
5                                                PAUL HASTINGS LLP
                                                 71 South Wacker Drive
6                                                45th Floor
                                                 Chicago, Illinois  60606
7                                                Telephone:  1(312) 499-6000
                                                 Facsimile:  1(312) 499-6100
8
                                                 CHRISTOPHER W. KENNERLY (SB# 255932)
9                                                chriskennerly@paulhastings.com
                                                 JOSHUA YIN (SB# 280891)
10                                               joshuayin@paulhastings.com
                                                 PAUL HASTINGS LLP
11                                               1117 S. California Avenue
                                                 Palo Alto, California  94304-1106
12                                               Telephone:  1(650) 320-1800
                                                 Facsimile:  1(650) 320-1900
13
                                                 ROBERT R. LAURENZI (*pro hac vice*)
14                                               robertlaurenzi@paulhastings.com
                                                 PAUL HASTINGS LLP
15                                               200 Park Avenue
                                                 New York, New York  10166
16                                               Telephone:  1(212) 318-6000
                                                 Facsimile:  1(212) 319-4090
17
                                                 Attorneys for Defendant
18                                               Google LLC

19

20

21

22

23

24

25

26

27
       _____
28     [12]In Compliance with Civil L.R. 5-1(i)(3), counsel affirms and attests that all signatories of this
       document have concurred in this e-filing.

1    Dated:  June 24, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP

By: */s/ Nicole E. Glauser*
      Robert F. Kramer (SB# 181706)
      rkramer@feinday.com
      Sal Lim (SB# 211836)
      slim@feinday.com
      Jeremiah A. Armstrong (SB#
      253705)
      jarmstrong@feinday.com
      FEINBERG DAY KRAMER
      ALBERTI
      LIM TONKOVICH & BELLOLI
      LLP
      577 Airport Boulevard, Suite 250
      Burlingame, California 94010
      Telephone: (650) 825-4300
      Facsimile: (650) 460-8443

      Andrew G. DiNovo (*pro hac vice*)
      adinovo@dinovoprice.com
      Nicole E. Glauser (*pro hac vice*)
      nglauser@dinovoprice.com
      DINOVO PRICE LLP
      7000 N. MoPac Expressway, Suite
      350
      Austin, Texas 78731
      Telephone: (512) 539-2626
      Facsimile: (512) 539-2627

      Attorneys for Plaintiff
      KlausTech LLC